IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PANAMA CITY DIVISION

AHMAD J SMITH,

    Petitioner,

v.                                          CASE NO. 5:15-cv-277-MW-GRJ

SECRETARY, DEPT.
OF CORRECTIONS,

    Respondent.
_____/

## REPORT AND RECOMMENDATION

Petitioner initiated this case by filing a *pro se* Petition for a Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 (ECF No. 1). Petitioner is proceeding pursuant to an amended petition, ECF No. 13 (hereafter "Petition"). The Petition stems from Petitioner's Bay County convictions of first-degree felony murder with possession of a firearm (Count One), armed robbery with possession of a firearm (Count Two), and burglary of a dwelling with possession of a firearm (Count Three), for which Petitioner is serving a total sentence of life imprisonment. ECF No. 13. The Respondent has filed a response in opposition to the petition, together with relevant portions of the state-court record, and Petitioner has filed a reply. ECF Nos. 15, 20. Upon due consideration of the Petition, the response,

the state-court record, and Petitioner's reply, the undersigned recommends that the Petition be denied.[1]

## I. State-Court Proceedings

The state-court proceedings that are relevant to the Petition may be summarized as follows. The events leading to Petitioner's conviction occurred in October 2006. At trial, the State presented evidence that Petitioner and two other men, Jay Broxton and Eric Harden, traveled from Jacksonville to Callaway, near Panama City, to rob Broxton's half-brother, Jamie Edwards, of drugs and money. Edwards was shot and killed during the robbery. Petitioner testified against Broxton and Harden in their trials pursuant to a cooperation and plea agreement with the State, but afterwards decided not to enter a plea and go to trial. Other evidence presented by the State included video surveillance of Eric Harden buying items used as disguises during the robbery (caps and bandanas) at a Wal-Mart, cell phone records from calls made by the defendants during their travels to and from the crime scene that documented their location, and

---

[1] Because the Court may resolve the Petition on the basis of the record, the Court has determined that an evidentiary hearing is not warranted. *See* Rule 8, Rules Governing Habeas Corpus Petitions Under Section 2254.

DNA evidence linking the defendants to the scene.  See ECF No. 15-3 at 173 through ECF No. 15-5 at 210.

Following the September 12, 2008, sentencing, Petitioner's counsel moved for a new trial on the basis of juror misconduct. The trial court held an evidentiary hearing at which jurors were interviewed.  Following the hearing, the motion was denied on May 15, 2009.  ECF No. 15-3 at 169-71. Petitioner's appeal from the denial of his motion for new trial was dismissed as untimely.  *Smith v. State*, 17 So.3d 764, 765 (Fla. 1st DCA 2009). Petitioner filed a habeas petition in the First DCA seeking a belated appeal and alleging that trial counsel was ineffective for failing to file a timely notice of appeal.  The First DCA denied the motion for belated appeal "on the merits."  *Smith v. State,* 29 So.3d 295 (Fla. 1st DCA 2010).

On August 18, 2010, Petitioner filed a motion to correct sentence pursuant to Fla. R. Crim. P. 3.800, arguing that the evidence did not support a finding that he was "armed" during the crime and therefore his maximum sentence should be 30 years' incarceration under state law. ECF No. 15-2 at 218-220.  The motion was denied without prejudice to Petitioner's right, if any, to seek relief under Fla. R. Crim. P. 3.850.  *Id.* at 222-23.

On October 12, 2010, Petitioner filed, through postconviction counsel, a "limited" motion pursuant to Rule 3.850 seeking leave to file a belated appeal on the basis that trial counsel's motion for new trial was untimely and did not preserve Petitioner's right to file an appeal. *Id.* at 240-49. The trial court denied the motion because the First DCA had already denied Petitioner's motion for belated appeal. *Id.* at 252-53. Petitioner appealed, and the First DCA, noting the "unique and tortured procedural history of this case," treated the appeal as a motion for a belated direct appeal. Notwithstanding its previous order denying a belated appeal, the First DCA granted Petitioner a belated direct appeal on May 8, 2012. *Id.* at 282, 291-92.

On August 22, 2012, Petitioner filed, through postconviction counsel, a motion to correct sentencing error pursuant to Rule 3.800(b)(2), arguing that Petitioner was entitled to a sentence of less than life imprisonment pursuant to his unwritten substantial assistance agreement with the State. ECF No. 15-5 at 225-27. On October 3, 2012, the trial court denied the motion, finding that Petitioner failed to object to his life sentence at the sentencing hearing and therefore he was precluded from raising the alleged error in a Rule 3.800(b)(2) motion. *Id.* at 264-65. The trial court denied Petitioner's motion for rehearing. *Id.* at 304. The First DCA

permitted Petitioner to supplement the record on appeal with the Rule 3.800(b)(2) proceedings. *Id.* at 323.

Petitioner's belated direct appeal argued that the trial court erred in denying his Rule 3.800(b)(2) motion, that he was entitled to specific performance of his substantial assistance sentencing agreement, and that his motion was not procedurally barred. Petitioner conceded that the trial court did not address the merits of his claims. ECF No. 15-6 at 198-213. The First DCA affirmed, *per curiam*, without written opinion. ECF No. 15-6 at 239.

Petitioner unsuccessfully pursued other postconviction relief, including by way of motions under Fla. R. Crim. P. 3.850 and habeas corpus petitions alleging ineffective assistance of appellate counsel. *See* ECF Nos. 15-7 at 174, 232; ECF No. 15-8 at 60-67. The First DCA affirmed the trial court's denial of postconviction relief under Rule 3.850 *per curiam,* without opinion. ECF No. 15-9 at 21.

The instant federal habeas petition followed. In the amended petition, Petitioner asserts the following claims and "subgrounds": (1) Petitioner's life sentence violates his right to due process because he negotiated a plea agreement in which he agreed to cooperate and testify against his co-defendants in exchange for a sentence of less than life; (2) Trial counsel

rendered ineffective assistance by (a) failing to argue and/or object to the State's failure to uphold a *quid pro quo* agreement and/or move for a "directed verdict"; (b) failing to adequately argue and/or object to admission of a confession obtained in violation of *Miranda*[1]; (c) failing to adequately argue and object to jury misconduct and/or move for a new trial; and (d) failing to investigate and/or argue that a discovery violation occurred in connection with an invocation-of-rights form; and (3) "manifest injustice" because the bailiff failed to report a contact with a juror.  ECF No. 13.

The Respondent contends that Petitioner's Claim (1) is due to be denied as procedurally defaulted as well as on the merits.  With respect to Petitioner's ineffective-assistance subgrounds in Claim (2), Respondent contends that the claims are unexhausted and also due to be denied on the merits.  ECF No. 15.  In his Reply to the Respondent's response, Petitioner "concedes to the [Response] of ground two and the sub-claims within it," but maintains that he is entitled to relief on "grounds one and three". Petitioner then goes on to provide additional argument on the substance of Claim (1) (the life sentence) and ineffective-assistance Claim (2)(c) (pertaining to counsel's handling of alleged jury misconduct). On the basis

---

[1] *Miranda v. Arizona,* 384 U.S. 436 (1966).

of Petitioner's concession in the Reply, this Report and Recommendation addresses only Claims (1) and Claim (2)(c). [2]

## II. Section 2254 Exhaustion Requirement

Before bringing a habeas action in federal court, a petitioner must exhaust all state court remedies that are available for challenging his conviction, either on direct appeal or in a state post-conviction motion. 28 U.S.C. § 2254(b)(1), (c). Exhaustion requires that prisoners give the state courts a "full and fair opportunity" to resolve all federal constitutional claims by "invoking one complete round of the State's established appellate review process." *O'Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999). To properly exhaust a federal claim, a petitioner must "fairly present" the claim in each appropriate state court, thereby affording the state courts a meaningful opportunity to "pass upon and correct alleged violations of its prisoners' federal rights." *Baldwin v. Reese*, 541 U.S. 27, 29 (2004) (quotation omitted).

When a petitioner fails to properly exhaust a federal claim in state court, and it is obvious that the unexhausted claim would now be

---

[2] Claim (2)(c) in the Amended Petition was raised as Ground 3 in Petitioner's postconviction motion in the state court. *See* ECF No. 13 at 6. This likely explains why he initially refers to the claim as "ground three" in his Reply. Although somewhat confusing as to how the claims are numbered, Petitioner makes clear in his Reply that he is conceding the arguments in Respondent's Response with the exception of the two claims addressed herein. *See* ECF No. 20.

7

procedurally barred under state law, the claim is procedurally defaulted. *Bailey v. Nagle*, 172 F.3d 1299, 1303 (11th Cir. 1999). Federal habeas courts are precluded from reviewing the merits of procedurally defaulted claims unless the petitioner can show either (1) cause for the failure to properly present the claim and actual prejudice from the default, or (2) that a fundamental miscarriage of justice would result if the claim were not considered. *Id*. at 1302, 1306. A fundamental miscarriage of justice exists "where a constitutional violation has probably resulted in the conviction of one who is actually innocent." *Ward v. Hall*, 592 F.3d 1144, 1157 (11th Cir. 2010). To state a credible claim of actual innocence, a petitioner must present new reliable evidence that was not presented at trial showing that "it is more likely than not that no reasonable juror would have found petitioner guilty beyond a reasonable doubt." *Schlup v. Delo*, 513 U.S. 298, 324 (1995).

### III.  <u>Section 2254 Standard of Review</u>

Under 28 U.S.C. § 2254(d)(2), a federal court may not grant a state prisoner's application for a writ of habeas corpus based on a claim already adjudicated on the merits in state court unless that adjudication "resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." Under §

2254(e)(1), "a determination of a factual issue made by a State court shall be presumed to be correct," and the petitioner "shall have the burden of rebutting the presumption of correctness by clear and convincing evidence." "'[A] state-court factual determination is not unreasonable merely because the federal habeas court would have reached a different conclusion in the first instance.'" *Burt v. Titlow,* \_\_\_ U.S. \_\_\_, 134 S. Ct. 10, 15 (2013) (quoting *Wood v. Allen*, 558 U.S. 290, 301, 130 S. Ct. 841 (2010)).

As to legal findings, a petitioner is entitled to federal habeas relief only if the state court's adjudication of the merits of the federal claim "resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States." § 2254(d)(1); *see Burt*, 134 S.Ct. at 15 (standard for reviewing claims of legal error by state courts is "highly deferential"). This standard "recognizes a foundational principle of our federal system: State courts are adequate forums for the vindication of federal rights." *Id*. This highly deferential standard carries special force in habeas cases asserting ineffective assistance claims: "Especially where a case involves such a common claim as ineffective assistance of counsel

9

under *Strickland*[2]—a claim state courts have now adjudicated in countless criminal cases for nearly 30 years—'there is no intrinsic reason why the fact that a man is a federal judge should make him more competent, or conscientious, or learned . . . than his neighbor in the state courthouse.'" *Id*. (quoting *Stone v. Powell*, 428 U.S. 465, 494, n. 35, 96 S.Ct. 3037 (1976)).

In view of the deference afforded to the state courts' adjudication of constitutional claims, "AEDPA erects a formidable barrier to federal habeas relief for prisoners whose claims have been adjudicated in state court. AEDPA requires 'a state prisoner [to] show that the state court's ruling on the claim being presented in federal court was so lacking in justification that there was an error . . . beyond any possibility for fairminded disagreement.'" *Id*. at 15-16 (quoting *Harrington v. Richter*, 562 U.S. ___, 131 S. Ct. 770, 786–787 (2011). "'If this standard is difficult to meet'—and it is---'that is because it was meant to be.'" *Id*. at 16 (quoting *Harrington*, 131 S.Ct. at 786). "We will not lightly conclude that a State's criminal justice system has

---

[2] *Strickland v. Washington*, 466 U.S. 668, 686 (1984) (holding that to prevail on a constitutional claim of ineffective assistance of counsel, a defendant must demonstrate (1) that his counsel's performance was below an objective and reasonable professional norm, and (2) that he was prejudiced by this inadequacy. A court may dispose of the claim if a defendant fails to carry his burden of proof on either the performance or the prejudice prong).

10

experienced the 'extreme malfunction' for which federal habeas relief is the remedy." *Id*. (quoting *Harrington*, 131 S. Ct. at 786).

## IV.  Discussion

### A.  Claim (1): Whether Petitioner's Life Sentence Violates Due Process

Petitioner claims that he entered into a substantial assistance agreement with Respondent which provided that if Petitioner testified as a witness against his co-defendants he would receive a sentence of less than life in prison. ECF No. 13. Respondent argues that Petitioner was precluded from raising this claim under Fla. R. Crim. P. 3.800 because he failed to object at the sentencing hearing, that Petitioner waived the claim by not objecting, and that the claim is due to be denied on the merits because his agreement with the State required him to enter a plea and Petitioner opted to go to trial instead after testifying against his co-defendants. ECF No. 15.

At his sentencing, Petitioner's counsel acknowledged that Petitioner's conviction for felony murder carried a mandatory life sentence. Counsel requested only that the trial court impose concurrent sentences for Petitioner's various convictions. ECF No. 15-5 at 254-55. The trial court then addressed Petitioner directly, stating "this is your opportunity,

11

obviously, to say anything you wish to say and you're welcome to say it at this point in time." Petitioner responded: "I'm straight." *Id.* at 255.

As summarized above, Petitioner asserted this claim in a Rule 3.800(b)(2) motion to correct sentencing error. The state court denied the motion finding, as a matter of state law, that Petitioner was precluded from raising the alleged error in a Rule 3.800(b)(2) motion because that rule was "'intended to address errors to which a defendant had no meaningful opportunity to object and matters that rendered the sentence otherwise subject to review under rule 3.800(a).'" ECF No. 15-6 at 308-09 (quoting *Fierro v. State*, 10 So.3d 149 (Fla. 3d DCA 2009) and *Jackson v. State*, 983 So.2d 562 (Fla. 2008)). The First DCA affirmed the state court's denial of the motion *per curiam,* without written opinion. ECF No. 15-6 at 239.

Federal courts may not consider a claim set forth in a habeas corpus petition when a petitioner has failed to follow the state's procedural rules for raising the claim in the state courts. The Eleventh Circuit has explained:

> The federal courts' authority to review state court criminal convictions pursuant to writs of habeas corpus is severely restricted when a petitioner has failed to follow applicable state procedural rules in raising a claim, that is, where the claim is procedurally defaulted. Federal review of a petitioner's claim is barred by the procedural default doctrine if the last state court to review the claim states clearly and expressly that its judgment rests on a procedural bar, *Harris v. Reed,* 489 U.S. 255, 263 (1989), and that bar provides an adequate and independent state ground for denying relief. *See id.* at 262; *Johnson v. Mississippi,* 486 U.S. 578, 587 (1988). The doctrine

12

> serves to ensure petitioners will first seek relief in accordance with state procedures, *see Presnell v. Kemp,* 835 F.2d 1567, 1578–79 (11th Cir.1988), and to "lessen the injury to a State that results through reexamination of a state conviction on a ground that a State did not have the opportunity to address at a prior, appropriate time." *McCleskey v. Zant,* 499 U.S. 467, 475 (1991).

*Johnson v. Singletary,* 938 F.2d 1166, 1173 (11th Cir.1991).

Here, the last state court rendering the judgment, the First DCA, did so without a written opinion. However, "federal habeas law employs a 'look through' presumption". *Wilson v. Sellers*, ___ U.S. ___, 138 S. Ct. 1188, 1193–94 (2018). In the context of a claim that has been rejected on state-law procedural grounds, this presumption means that:

> Where there has been one reasoned state judgment rejecting a federal claim, later unexplained orders upholding that judgment or rejecting the same claim rest upon the same ground. If an earlier opinion 'fairly appear[s] to rest primarily upon federal law,' we will presume that no procedural default has been invoked by a subsequent unexplained order that leaves the judgment or its consequences in place. Similarly where, as here, the last reasoned opinion on the claim explicitly imposes a procedural default, we will presume that a later decision rejecting the claim did not silently disregard that bar and consider the merits.

*Wilson*, 138 S. Ct. at 1193-94 (quoting *Ylst v. Nunnemaker,* 501 U.S. 797, 799–800, (1991)).

In this case, the "last reasoned opinion" on Petitioner's sentencing claim explicitly imposed a state-law procedural default. The trial court plainly held that the claim was foreclosed from review under Rule

3.800(b)(2) because Petitioner failed to object to imposition of the life sentence at sentencing. ECF No. 15-6 at 308-09. A state's interpretation of its own laws or rules provides no basis for federal habeas corpus relief because no federal constitutional question is presented. 28 U.S.C. § 2254(a); *Estelle v. McGuire*, 502 U.S. 62, 67 (1991) ("[I]t is not the province of a federal habeas court to reexamine state-court determinations on state-law questions."). Further, pursuant to *Wilson* and *Ylst*, this Court must presume that the First DCA's decision rejecting the claim did not "silently disregard" the trial court's imposition of the procedural bar and consider the merits.

Accordingly, this claim is procedurally defaulted and foreclosed from federal habeas review. Petitioner has made no showing of cause and prejudice to overcome the default. For these reasons, Petitioner has failed to show that this claim presents a basis for federal habeas relief.[3]

---

[3] Even if the claim were not procedurally defaulted, the record does not support a finding that Petitioner is entitled to relief on the merits of his due process claim. The record supports a conclusion that any possibility of obtaining a sentence of less than life imprisonment was conditioned upon testifying against his co-defendants *and* entering a guilty plea. Petitioner testified under oath in his co-defendants' cases that his testimony was offered pursuant to a "plea agreement" so that when he entered a plea the State would "speak favorably" on his behalf and he would receive "anything less than a life sentence". *See* ECF No. 15-1 at 120 (Harden trial), 187-88 (Broxton trial). As Respondent points out, "it is axiomatic that there can be no completed and binding plea agreement without the entry of a plea." ECF No. 15 at 13.

## B.  *Claim (2)(c): Ineffective Assistance Regarding Jury Misconduct*

Petitioner claims that his trial counsel failed to adequately protect his right to trial by an impartial jury in connection with a juror-misconduct issue that arose after trial.  ECF No. 13 at 7.  This claim stems from proceedings that occurred after sentencing when information was received from juror Beth Vickery indicating that some jurors may have engaged in premature deliberations.  The proceedings are summarized in the trial court's order denying postconviction relief.  ECF No. 15-8 at 60-67.  Pursuant to defense counsel's motion, the trial court conducted a full evidentiary hearing and interviewed 13 jurors.  The trial court subsequently denied counsel's motion for new trial based on juror misconduct.  *Id.* at 97-98.

In rejecting Petitioner's ineffective-assistance claim on postconviction review, the state court held as follows:

> In Ground Three, the Defendant alleges that trial counsel was ineffective for failing to adequately argue and object to jury misconduct and/or adequately move for a new trial. The Defendant alleges that juror #38, Beth Vickery, informed the Court after the verdict had been rendered that several jurors had engaged in premature deliberations and that she had been pressured into her verdict. Trial counsel filed a motion to interview the jury pursuant to Rule 3.575, and an evidentiary hearing was held on January 23, 2009. Ultimately, counsel moved for a new trial based upon one of the juror's testimony, but this motion was denied by the Court. The Defendant asserts that counsel failed to argue that this misconduct warranted a new trial. He claims that, even though none of the jurors admitted to misconduct, the sworn testimony of Ms. Vickery was "not in question" and that her

15

testimony "in, and of itself," is sufficient to warrant a new trial. The Defendant argues that he was prejudiced by counsel's performance "or lack thereof in not arguing the applicable laws entitled the defendant to a new trial." He asserts that prejudice "must be assumed" when jury misconduct is alleged.

      The Defendant's claim is without merit. First, the Defendant has not pointed to any specific error or omission made by his attorney. He simply states that she did not "adequately address the issue" and "did not know the proper laws, rules, etc." These allegations are not sufficient to state a claim under *Strickland.* In any case, the record demonstrates that the issue was adequately addressed by trial counsel. Counsel raised and argued that premature deliberations had occurred that warranted a new trial. *(See* Motion to Interview Juror or for an Extension of Time to File Motion to Interview Jury Pursuant to Rule 3.575, Florida Rules of Criminal Procedure and Motion for Extension of Time to File Motion for New Trial Under Rule 3.600, Florida Rules of Criminal Procedure; Motion for New Trial; Transcript of Hearing held December 12, 2008 at 2-10.) At the preliminary juror interview, counsel indicated her motion was based upon premature deliberations and threats. (Tr. of 12/12/08 Hearing at 2-3.) Even though counsel acknowledged that threats made during deliberation are not subject to the Court's inquiry, she attempted to make a good faith argument for that line of questioning as well. (Tr. at 3-4.) She stated that, pursuant to *State v. Ramirez,* 922 So. 2d 386 (Fla. 1st DCA 2006), she must demonstrate that juror misconduct occurred, and the State must then demonstrate that it was not prejudicial. (Tr. at 4.) However, during the full evidentiary hearing on January 23, 2009, the jurors who were alleged to have engaged in premature deliberation testified that they had not done so. The Defendant even acknowledges in his motion that none of the jurors admitted to this misconduct. Counsel still filed a motion for new trial based upon Beth Vickery's testimony that she had engaged in premature deliberations. *(See* Motion for New Trial.) The Court found that a new trial was not warranted based upon the testimony at the evidentiary hearing, despite one juror's indication that she had engaged in premature deliberation. *(See* Transcript of Hearing held May 15, 2009.) The Defendant has completely failed to point to any inadequacy in counsel's presentation of this issue

or otherwise demonstrate that counsel was ineffective. Therefore, Ground Three is due to be denied.

ECF No. 15-8 at 65-66.

The state court thus plainly found that counsel did not perform deficiently under *Strickland* with regard to her handling of the juror misconduct issue. To the contrary, the record supports a conclusion that counsel thoroughly pursued the matter and attempted to obtain a new trial for Petitioner on that ground. Counsel is not ineffective simply because such efforts ultimately proved unsuccessful. Petitioner has failed to show that the state court's rejection of this ineffective-assistance claim was "so lacking in justification that there was an error . . . beyond any possibility for fairminded disagreement.'" *Burt,* 134 U.S. at 15.

## V. Certificate of Appealability

Section 2254 Rule 11(a) provides that "[t]he district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant," and if a certificate is issued "the court must state the specific issue or issues that satisfy the showing required by 28 U.S.C. § 2253(c)(2)." A timely notice of appeal must still be filed, even if the court issues a certificate of appealability. Rule 11(b), Rules Governing Section 2254 Cases.

The undersigned finds no substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(2); *Slack v. McDaniel*, 529 U.S. 473, 483–84 (2000). Therefore, the undersigned recommends that the district court deny a certificate of appealability in its final order.

Rule 11(a) also provides: "Before entering the final order, the court may direct the parties to submit arguments on whether a certificate should issue." Thus, if there is an objection to this recommendation by either party, that party may bring this argument to the attention of the district judge in the objections permitted to this report and recommendation.

## VI.  Conclusion

For the foregoing reasons, it is respectfully **RECOMMENDED** that the petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254, ECF No. 13, should be **DENIED** and a COA should be **DENIED.**

**IN CHAMBERS** this 19th day of February 2019.

*s/ Gary R. Jones*
GARY R. JONES
United States Magistrate Judge

## **NOTICE TO THE PARTIES**

**Objections to these proposed findings and recommendations must be filed within fourteen (14) days after being served a copy thereof. <u>Any different deadline that may appear on the electronic docket is for the court's internal use only, and does not control.</u> A copy of objections shall be served upon all other parties. If a party fails to object to the magistrate judge's findings or recommendations as to any particular claim or issue contained in a report and recommendation, that party waives the right to challenge on appeal the district court's order based on the unobjected-to factual and legal conclusions. *See* 11th Cir. Rule 3-1; 28 U.S.C. § 636**.